MATTHEW G. BACKOWSKI 216517
STEPHANIE T. KOKKA 315233
POWELL SLATER, LLP
7522 North Colonial Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818
mbackowski@powellslater.com

Attorneys for Plaintiff OMNI FINANCIAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

\* \* \*

| | |
|---|---|
| OMNI FINANCIAL, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL PETROLEUM, LLC, a Minnesota limited liability company; SUZETTE JEREZ, aka SUZETTE JEREZ-NEAL, an individual; EDWARD FORTE, individually and as Trustee of the FORTE FAMILY TRUST; PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC., dba PRECISE CONSTRUCTION, an Illinois corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5-19-cv-00031-BLF<br><br>STIPULATION FOR ENTRY OF JUDGMENT UPON DEFAULT;<br><br>[PROPOSED] ORDER THEREON |

/////

/////

/////

/////

/////

POWELL SLATER, LLP
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff OMNI FINANCIAL, LLC, a California limited liability company ("OMNI" or "plaintiff"), and defendants GLOBAL PETROLEUM, LLC, a Minnesota limited liability company ("GLOBAL"), and SUZETTE JEREZ, also known as SUZETTE JEREZ-NEAL, an individual ("JEREZ"), (collectively "defendants") as follows (plaintiff and defendants are hereinafter sometimes collectively referred to as "the parties"):

## I

## RECITALS

1. On May 1, 2018, GLOBAL and America Strategic Minerals, Inc. ("ASMI"), entered into a Sale and Purchase Agreement ("SP Agreement"), wherein GLOBAL agreed to purchase 10,000 troy ounces of gold from ASMI. As part of the SP Agreement, ASMI granted a security interest to GLOBAL in certain collateral including, among other things, 1,000 tons of gold bearing ore ("the Collateral").

2. In May 2018, to raise funds needed to purchase the gold from ASMI under the SP Agreement, the defendants began discussing with OMNI the opportunity to invest in the purchase and sale transaction. The defendants represented to OMNI that ASMI needed funds to increase gold production capacity to meet its delivery schedule under the SP Agreement, that if OMNI invested funds in the transaction GLOBAL would make an equal contribution toward the purchase of the gold, and that OMNI would yield a significant return on the investment.

3. On May 17, 2018, OMNI and GLOBAL entered into a Joint Venture Agreement ("the JV Agreement"), wherein OMNI agreed to provide GLOBAL the sum of $1,375,000.00 in consideration for a priority return of its investment plus an additional twenty-five percent (25%) of the net profit from GLOBAL's agreement with ASMI. Under the JV Agreement, GLOBAL had six-months from the date of the agreement to provide a return on OMNI's investment.

4. In addition, as part of the JV Agreement, GLOBAL agreed to assign its rights to the Collateral to OMNI.

5. In connection with the transaction, GLOBAL made, executed and delivered to OMNI a Straight Note in the principal sum of $1,375,000.00, plus profit sharing as provided in the JV Agreement ("the Note"). As with the JV Agreement, the Note provided that payment was due within six months of the date of the Note. The JV Agreement and Note are hereinafter collectively referred to as "the Agreements".

6. On December 1, 2018, the parties modified the terms of the Agreements, wherein GLOBAL agreed to send a wire transfer to OMNI the sum of $2,295,287.50 due under the Agreements, plus an additional amount of $117,187.16, amounting to a total sum of $2,412,474.66, and to provide proof that OMNI's funds were in GLOBAL's bank account.

7. On December 11, 2018, the parties executed a second modification to the Agreements, wherein GLOBAL agreed to send a wire transfer to OMNI in the sum of $1,512,474.66 by the close of business on December 11, 2018, along with a second payment of $100,000.00 due on March 11, 2019, and a final payment of $800,000.00 due on May 11, 2019.

8. As of the date of this Stipulation, the defendants have not paid OMNI any of the funds due and owing under the Agreements.

9. OMNI has made several demands for payment of the sums due and owing under the Agreements described herein.

10. On January 2, 2019, OMNI filed this action in the United States District Court for the Northern District of California, San Jose Division, as case no. 5-19-cv-00031-SVK ("the Action"), alleging causes of action for breach of contract, fraud, conversion, breach of fiduciary duty, unjust enrichment and declaratory relief against the defendants.

11. The Action is based on the allegation that, among other things, the defendants made material misrepresentations and breached the foregoing Agreements by failing to properly use OMNI's proceeds and by failing to pay plaintiff the balances due and owing under the Agreements.

Stipulation for Entry of Judgment Upon Default and Order Thereon

12. The defendants were personally served with the Summons, Civil Cover Sheet and Complaint on January 3, 2019. The defendants have read and understood the Complaint, Summons and Civil Cover Sheet.

13. The parties now desire to settle and resolve the Action. The parties acknowledge that they have been represented by their respective legal counsel for purposes of negotiating, preparing, and executing this Stipulation.

14. In consideration of mutual promises contained herein, and for good and sufficient consideration, receipt of which is hereby acknowledged, the parties hereto agree as follows:

## II

## AGREEMENT

1. <u>JURISDICTION</u>. The above-captioned Court shall retain jurisdiction to enforce the terms of this Stipulation and Order for Entry of Judgment Upon Default ("Stipulation"), and Judgment to be entered pursuant thereto, and any other documents that may be necessary and appropriate to carry out the intent and purpose of this Stipulation.

2. <u>OUTSTANDING BALANCE DUE</u>. As of January 28, 2019, the parties hereby agree and acknowledge that the outstanding balance due and owing to OMNI is two million five hundred thousand dollars ($2,500,000.00).

3. <u>STIPULATION FOR ENTRY OF JUDGMENT</u>. OMNI shall be entitled to Judgment against the defendants, jointly and severally, in the sum of $2,500,000.00, in the form set forth in exhibit A attached hereto, subject to the terms and conditions set forth below.

/////
/////
/////
/////
/////
/////

4. <u>FORBEARANCE</u>. OMNI shall forbear from entering Judgment against the defendants. However, OMNI's agreement to forbear from entering Judgment is conditioned upon the defendant's complete and timely performance of all terms and conditions herein, including timely payment and production of documents, as set forth below:

    a. On or before February 8, 2019, the defendants shall provide OMNI with proof of funds, including current bank statements, to verify that the defendants have the funds necessary to make payment to OMNI under this Stipulation;

    b. On or before February 8, 2019, the defendants shall provide documents to OMNI relating to the transaction between ASMI and GLOBAL, including a log of all shipments made by ASMI, an accounting of all payments made to GLOBAL, and documents relating to the status and location of the Collateral.

    c. On or February 18, 2019, the defendants shall pay OMNI the sum of one million five hundred thousand dollars ($1,500,000.00);

    d. On or before April 18, 2019, the defendants shall make a second payment to OMNI in the sum of five hundred thousand dollars ($500,000.00);

    e. On or before June 18, 2019, the defendants shall make a third and final payment to OMNI in the sum of five hundred thousand dollars ($500,000.00);

    f. All payments due under this Stipulation shall be made by wire transfer to OMNI, and must be received by OMNI on or before the payment deadlines set forth herein; and

    g. All documents required under this Stipulation shall be sent via email to Matthew Backowski, attorney for OMNI, at mbackowski@powellslater.com.

5. <u>APPLICATION OF SETTLEMENT PAYMENTS</u>. The defendants acknowledge and agree that OMNI may apply any payment received pursuant to this Stipulation in whatever order and manner it chooses in its sole and absolute discretion.

/////

/////

/////

Stipulation for Entry of Judgment Upon Default and Order Thereon

6. <u>DEFAULT AND ENTRY OF JUDGMENT</u>. In the event of a default by the defendants under any paragraph in this Stipulation, including failure to make timely payment and/or produce documents, the forbearance requirement under this Stipulation shall automatically terminate, and OMNI shall be entitled to enter Judgment, on an ex parte basis, against the defendants, jointly and severally, in the amount of the outstanding payment amount under the Agreement, including attorneys' fees and costs, less credit for any amount previously paid under the Stipulation.

7. <u>CREDITS FOR AMOUNTS PAID</u>. In the event OMNI applies for entry of Judgment under this Stipulation, OMNI shall credit the defendants for any amount paid to OMNI pursuant to this Stipulation.

8. <u>OTHER DEFENDANTS</u>. Nothing in the Stipulation shall be construed to waive or release OMNI's right to pursue claims and/or obtain judgment against other defendants named in the Action, including claims against defendants Edward Forte and Precise Construction & Dismantlement Systems, Inc.

9. <u>ATTORNEYS' FEES AND COSTS</u>. In the event of a default, OMNI will be entitled to reasonable attorneys' fees and costs from the defendants, which were incurred in prosecuting this Action, or enforcing this Stipulation and/or the corresponding Judgment.

10. <u>APPEAL</u>. The defendants hereby waive any right to contest, appeal, challenge, or set aside this Stipulation and any Judgment entered pursuant thereto.

11. <u>DISMISSAL</u>. In the event the defendants perform under this Stipulation by timely producing documents and making all of the payments due hereunder, OMNI shall file a Request for Dismissal, with Prejudice, within fifteen (15) days of receipt of the final payment from the defendants.

12. <u>GOVERNING LAW</u>. This Stipulation shall be governed by the laws of the State of California and the proper place for trial of any action arising out of or in any way related to this Stipulation shall be United States District Court for the Northern District of California, to the exclusion of any other forum or jurisdiction.

13. **ENTIRE AGREEMENT.** This Stipulation shall constitute the entire agreement between the parties. It is expressly understood and agreed that this Stipulation may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representatives of the parties. Each of the undersigned states that he/she has read this Stipulation and understands the contents thereof, and signs same as a free act and deed in the capacities indicated below.

14. **FURTHER DOCUMENTS.** Each party to this Stipulation shall execute whatever documents may be necessary and appropriate to carry out the intent and purpose of this Stipulation.

15. **SEVERABILITY.** In the event that any of the terms of this Stipulation are found to be unenforceable by a court of competent jurisdiction, the remainder of this Stipulation shall not be affected and shall remain in full force and effect.

16. **OBLIGATIONS NOT RELEASED.** Nothing in this Stipulation shall be construed to release the parties hereto from their obligations hereunder. Furthermore, nothing in this Stipulation shall be construed to waive OMNI's rights against any other defendant or person.

17. **TIME OF THE ESSENCE.** Time is of the essence with regard to the performance of each and every provision of this Stipulation.

18. **AUTHORITY TO STIPULATE.** Each party warrants that they have the authority to enter into this Stipulation on behalf of themselves and the entity, if any, for whom they sign.

19. **BINDING STIPULATION.** This Stipulation shall be binding upon the heirs, successors and assigns of the Parties hereto.

20. **RECITALS INCORPORATED.** The recitals are incorporated in this Stipulation.

21. **COUNTERPART EXECUTION.** This Stipulation may be executed in counterparts, all of which when taken together, shall be deemed to warrant the original Stipulation. A facsimile signature shall be deemed an original signature.

Stipulation for Entry of Judgment Upon Default and Order Thereon

22. <u>BINDING EFFECT</u>. This Stipulation is of binding effect and shall be enforceable pursuant to California Code of Civil Procedure section 664.6.

23. <u>SUCCESSORS-IN-INTEREST BOUND</u>. Except as expressly limited herein, this Stipulation shall inure to the benefit of, and be binding upon, the parties hereto, their respective predecessors, successors, assigns, subsidiaries, divisions, affiliates, partners, shareholders, directors, officers, representatives, agents, attorneys, and employees, whether past, present, or future.

24. <u>ADVICE OF ATTORNEY</u>. Each party hereto acknowledges that they have had the opportunity to consult with counsel of their own choosing, and that neither party has relied on any statements in executing this Stipulation, except as expressly set forth herein.

25. <u>AMBIGUITIES NOT INTERPRETED AGAINST THE DRAFTER</u>. The general rule that any ambiguities in an agreement be interpreted against the drafter of such agreement shall not apply to this Stipulation.

**THIS STIPULATION HAS BEEN PREPARED BY ATTORNEYS CONSULTED BY OMNI FINANCIAL, LLC. THE DEFENDANTS HAVE BEEN ADVISED TO CONSULT THEIR OWN ATTORNEYS FOR LEGAL ADVICE REGARDING THE EFFECT OF THIS STIPULATION. DEFENDANTS HAVE CONSULTED THEIR OWN ATTORNEYS OR HAVE AFFIRMATIVELY DECIDED TO FORGO SUCH ADVICE.**

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

IT IS SO STIPULATED AND AGREED.

Dated: February 4, 2019.

_____
SUZETTE JEREZ, an individual

Dated: February 4, 2019.

GLOBAL PETROLEUM, LLC

_____
SUZETTE JEREZ, President

Dated: February 4, 2019.

OMNI FINANCIAL, LLC

_____
MARTIN BOONE, on behalf of
OMNI FINANCIAL, LLC

### ORDER

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: February, 2019

_____
UNITED STATES DISTRICT COURT

-9-

## ATTESTATION

I, Matthew G. Backowski, am the ECF User whose identification and password are being used to file the **Stipulation For Entry Of Judgment Upon Default; And Order Thereon**. In compliance with the Civil Local Rule 5-1(i)(3), I hereby attest that Omni Financial, LLC, Global Petroleum, LLC and Suzette Jerez have concurred in this filing.

Dated: February 5, 2019.         By: _/s/ Matthew Backowski_
                                      MATTHEW G. BACKOWSKI

# EXHIBIT "A"

MATTHEW G. BACKOWSKI 216517
STEPHANIE T. KOKKA 315233
POWELL SLATER, LLP
7522 North Colonial Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818
mbackowski@powellslater.com

Attorneys for Plaintiff OMNI FINANCIAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

\* \* \*

| | |
|---|---|
| OMNI FINANCIAL, LLC, a California limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL PETROLEUM, LLC, a Minnesota limited liability company; SUZETTE JEREZ, aka SUZETTE JEREZ-NEAL, an individual; EDWARD FORTE, individually and as Trustee of the FORTE FAMILY TRUST; PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC., dba PRECISE CONSTRUCTION, an Illinois corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 5-19-cv-00031-BLF<br><br>**JUDGMENT PURSUANT TO STIPULATION AND ORDER** |

/////
/////
/////
/////
/////

POWELL SLATER, LLP
7522 N. Colonial Avenue, Suite 100
Fresno, California 93711

On the basis of the Stipulation and Order for Entry of Judgment ("Stipulation") entered into by and between OMNI FINANCIAL, LLC, a California limited liability company ("OMNI FINANCIAL""), and defendants GLOBAL PETROLEUM, LLC, a Minnesota limited liability company ("GLOBAL PETROLEUM"), and SUZETTE JEREZ, also known as SUZETTE JEREZ-NEAL, an individual ("SUZETTE JEREZ"), and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Judgment is hereby entered in favor of OMNI FINANCIAL, and against defendants GLOBAL PETROLEUM and SUZETTE JEREZ, jointly and severally, in the sum of $_____, plus attorneys' fees and costs in the sum of $_____;

2. Upon entry of the Stipulated Judgment, interest shall accrue at the statutory rate of 10.0% per annum; and

3. This Court shall retain jurisdiction to enforce the terms of the Stipulation and this Stipulated Judgment entered into between the parties.

**IT IS SO ORDERED.**

Dated: _____, 2019.

_____
JUDGE OF THE SUPERIOR COURT