United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| OMNI FINANCIAL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>GLOBAL PETROLEUM, LLC, a Minnesota limited liability company; SUZETTE JEREZ, aka SUZETTE JEREZ-NEAL; EDWARD FORTE, Individually and as Trustee of the Forte Family Trust; and PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC., an Illinois corporation doing business as PRECISE CONSTRUCTION,<br><br>  Defendants. | Case No. 19-cv-00031-BLF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS EDWARD FORTE AND PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC.; VACATING HEARING ON MOTION; VACATING INITIAL CASE MANAEMENT CONFERENCE; AND TERMINATING AS MOOT PLAINTIFF'S MOTIONS FOR TELEPHONIC APPEARANCE**<br><br>[Re: ECF 35, 42, 43] |

Plaintiff Omni Financial, LLC moves for default judgment against the only defendants remaining in this action, Edward Forte, Individually and as Trustee of the Forte Family Trust and Precise Construction & Dismantlement Systems, Inc., dba Precise Construction. The Court hereby SUBMITS the motion for decision without oral argument and VACATES the hearing scheduled for November 7, 2019. *See* Civ. L.R. 7-1(b). The motion is GRANTED for the reasons discussed below. However, because the amount of reasonable attorneys' fees and costs recoverable in connection with this default judgment are not adequately documented, Plaintiff is directed to submit a supplemental brief addressing reasonable attorneys' fees and costs.

In light of the Court's ruling on the motion for default judgment, the Court VACATES the Initial Case Management Conference scheduled for November 7, 2019 and TERMINATES AS MOOT Omni's motions for telephonic appearance at the motion hearing and the Initial Case Management Conference.

## I. BACKGROUND

Plaintiff Omni Financial, LLC ("Omni") is an investment pool made up of approximately 500 members located in and around Santa Cruz, California. Boone Decl. ¶ 1, ECF 35-2. Omni filed this action against Defendants Global Petroleum, LLC ("Global"), Suzette Jerez ("Jerez), Edward Forte ("Forte"), and Precise Construction & Dismantlement Systems, Inc. ("Precise Construction"). Compl., ECF 1. Omni alleges that Defendants entered into a scheme "to fraudulently induce the plaintiff to enter into a joint venture and to invest money in the purported purchase and sale of gold ore." Compl. ¶ 1. Defendants "represented that the plaintiff's investment would be used to purchase gold from a third-party seller, that the defendants would contribute an amount equal to plaintiff's investment toward the purchase transaction, that the gold would be sold at a profit to a buyer procured by defendants, and that OMNI's investment would be returned along with a share of profits from the sale transaction." *Id*. Omni invested funds, but Defendants did not use Omni's funds to buy gold, did not contribute equal funds, and did not have a third-party buyer available to purchase gold. Compl. ¶ 2. Despite Omni's demands, Defendants did not return Omni's investment money or a share of profits. *Id*. Omni alleges that as a result of Defendants' fraudulent representations and promises, Omni was damaged in the amount of $2,412,474.66. Compl. ¶ 4.

The complaint alleges the specifics of the joint venture agreement entered into by Omni and Defendant Global in May 2018, and attaches a copy of the joint venture agreement and an addendum to the agreement as Exhibits D and E to the complaint. Compl. ¶¶ 17-23 & Exhs. D, E. Omni agreed to provide Global with the sum of $1,375,000 in return for a priority return on its investment plus and additional 25% of the net profit from the gold venture. Compl. ¶ 18. As security for the transaction, Global executed a Straight Note in the principal sum of $1,375,000.00, plus profit sharing as provided in the joint venture agreement. Compl. ¶ 22. Global had six months from the date of the agreement to provide a return on Omni's investment. *Id*. Omni wired Global the $1,375,000 but Global did not use the funds to purchase gold. Compl. ¶ 22. Global did not have an arrangement with a third-party buyer to repurchase gold acquired with Omni's funds, and had no intention of returning Omni's investment or sharing profits with Omni. Compl. ¶ 23.

2

In May 2018, Defendant Forte executed a loan guarantee agreement ("the Forte Guaranty"), promising to pay the indebtedness owned by Global to Omni up to the sum of $1,375,000. Compl. ¶ 24. Forte is the president of Defendant Precise Construction. Compl. ¶ 9. Defendant Precise Construction also executed a payment guaranty in May 2018 ("the Precise Construction Guaranty"), promising to pay the indebtedness owned by Global to Omni up to the sum of $1,375,000. Compl. ¶ 25.

In November 2018, after payment had become due to Omni, Defendant Jerez (Global's president) requested a thirty-day extension on behalf of Global. Compl. ¶¶ 26-28. Global agreed to pay Omni the sum of $2,295,287.50 due under the agreements, plus an additional amount of $117, 187.16, for a total sum payment of $2,412,474.66, by December 10, 2018. Compl. ¶¶ 28-30. On December 11, 2018, after the extended deadline for payment had expired, Defendant Jerez proposed a second modification to Global's payment terms. Compl. ¶ 31. Omni agreed to the proposed second modification, under which Global was to send a wire transfer to Omni in the sum of $1,512,474.66 by close of business on December 11, 2018, a second payment of $100,000 by March 11, 2019, and a final payment of $800,000 by May 11, 2019. Compl. ¶ 31. Global did not wire any funds on December 11, 2019. Compl. ¶ 33. On December 13, 2018, Defendant Jerez sent Omni an email advising that Global had decided not to wire the funds due as agreed, but that Global would wire $1,500,000 to Omni by December 14, 2018. *Id*. Global did not wire funds by December 14, 2018. Compl. ¶ 34. On December 17, 2018, Omni's counsel sent a written letter to Defendants giving notice of default under the agreements and demanding that Defendants pay the outstanding balance of $2,412,474.66 due and owing to Omni. Compl. ¶ 35.

Omni filed this suit on January 2, 2019, asserting claims against Global and its president Jerez (collectively, "GP Defendants"), Forte, and Precise Construction for: (1) fraud – intentional misrepresentation (against GP Defendants); (2) negligent misrepresentation (against GP Defendants); (3) conversion (against GP Defendants); (4) breach of written contract (against GP Defendants); (5) breach of fiduciary duty (against Global); (6) unjust enrichment (against GP Defendants); (7) declaratory relief (against GP Defendants); (8) breach of written guaranty (against Forte); and (9) breach of written guaranty (against Precise Construction).

Omni thereafter entered into a Stipulation for Entry of Judgment upon Default ("Stipulation") with Defendants Global and Jerez only, providing for settlement of the action conditioned on certain payments being made by Defendants Global and Jerez to Omni. *See* Stipulation p. 5 ¶ 4, ECF 20. In the event Defendants Global and Jerez defaulted on any of their settlement obligations, Omni was entitled to enter judgment against Defendants Global and Jerez on an *ex parte* basis in the amount of the outstanding payments due plus reasonable attorneys' fees and costs incurred in prosecuting the action or enforcing the Stipulation. *See* Stipulation p. 6 ¶ 6, ECF 20. Defendants Global and Jerez ultimately defaulted on their settlement obligations, after which the Court granted Omni's *ex parte* application for entry of judgment against Global and Jerez. *See* Order Granting Plaintiff's Ex Parte Application, ECF 29. On February 27, 2019, the Court entered judgment in favor of Omni and against Defendants Global and Jerez jointly and severally in the sum of $2,500,000.00, plus attorneys' fees and costs in the sum of $34,383.74, for a total judgment of $2,534,383.74 against Defendants Global and Jerez. *See* Judgment Pursuant to Stipulation and Order, ECF 30.

On April 11, 2019, the Clerk entered default against Defendants Forte and Precise Construction. *See* Entry of Default, ECF 34. Omni now seeks default judgment against Defendants Forte and Precise Construction for breach of the written guaranty agreements as set forth in Claims 8 and 9. *See* Motion for Default Judgment, ECF 35. Omni seeks judgment in the sum of $1,375,000 (the guaranty amount set forth in the Forte Guaranty and the Precise Construction Guaranty), as well as attorneys' fees and costs in the amount of $62,405.65. *See id.* Omni served the motion for default judgment and supporting documents on Forte and Precise Construction by mail on May 15, 2019. *See* Proof of Service, ECF 36. Forte and Precise Construction have not responded.

**II. DISCUSSION**

    **A. Jurisdiction and Service**

Pursuant to Federal Rule of Civil Procedure 55, a court may grant default judgment against a defendant who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a

4

district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The district court also must "assess the adequacy of the service of process on the party against whom default is requested." *DFSB Kollective Co., Ltd. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012) (internal quotation marks and citation omitted).

### 1. Subject Matter Jurisdiction

The Court has subject matter jurisdiction, as there is complete diversity of citizenship between Plaintiff Omni and Defendants, and the amount in controversy exceeds $75,000. Omni is a California citizen because it is a limited liability company and all of its individual members are California citizens. *See* FAC ¶ 5; *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Defendants Global and Jerez are citizens of Minnesota, while Forte and Precise Construction are citizens of Illinois. *See* Compl. ¶¶ 6-9.

### 2. Personal Jurisdiction

The Court also is satisfied that it has specific personal jurisdiction over Forte and Precise Construction. The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction: (1) the defendant must have "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California," thereby "invoking the benefits and protections of its laws"; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable, i.e. it must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden on the first two prongs. *Id*. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id*. (internal quotation marks and citation omitted).

Here, Forte and Precise Construction purposefully availed themselves of conducting activities in California by entering into the guaranty agreements with Omni, a California citizen, where those guaranty agreements specified that they are governed by and construed under the laws

of the State of California. *See* Compl. Exhs. G, H. Omni's claims for breach of the guaranty agreements arise directly out of those forum-related activities. Thus, the first two prongs of the *Schwarzenegger* test are satisfied, and the burden shifts to Forte and Precise Construction to demonstrate that exercise of jurisdiction would not be reasonable. Forte and Precise Construction have not responded to Omni's motion for default judgment, and therefore have failed to meet their burden. The Court concludes that it may exercise specific personal jurisdiction over Forte and Precise Construction.

### 3. Service

Finally, service was adequate because both Forte and Precise Construction executed waivers of service of process, which were filed with the Court by Omni. *See* Waivers of Service, ECF 24, 25.

### B. *Eitel* Factors

Even when the jurisdiction and service requirements are satisfied, the plaintiff is not automatically entitled to a default judgment, and "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, this Court must consider the following seven factors articulated by the Ninth Circuit in *Eitel v. McCool* ("*Eitel* factors"): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In evaluating the *Eitel* factors, well-pled allegations in the complaint are taken as true, except those regarding damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court may, in its discretion, consider evidence submitted with a motion for default judgment to determine damages. *Id.*

The Court finds that the *Eitel* factors weigh in favor of granting Omni's motion. With respect to the first factor, prejudice to the plaintiff, Omni would have no recourse against Defendants Forte and Precise Construction absent entry of default judgment, because those

Defendants have elected not to respond to the complaint.

The second and third factors, addressing the merits of the plaintiff's claims and the sufficiency of the complaint, are satisfied if the plaintiff asserts claims upon which it may recover. *See IO Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010). Omni seeks to recover on Claims 8 and 9, alleging for breach of the guaranty agreements executed by Forte and Precise Construction. Under California law, the elements of breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Omni has attached the guaranty agreements and alleged facts demonstrating its performance, Defendants' breaches, and resulting damages. *See* Compl. ¶¶ 77-88 & Exhs. G, H.

With respect to the fourth factor, the sum of money at stake, Omni seeks the contractual guaranty amount of $1,375,000, plus attorneys' fees and costs that it is entitled to recover under the terms of the guaranty agreements. *See* Compl. ¶¶ 77-88 & Exhs. G, H. In general, "[d]efault judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions." *Li v. A Perfect Day Franchise, Inc.*, No. CV 10-01189 LHK, 2012 WL 2236752, at *11 (N.D. Cal. June 15, 2012) (citation omitted). However, even where the amount of money at issue is substantial, "this factor does not significantly weigh against granting default judgment" if the amount sought "is consistent with that to which [the p]laintiff is entitled by law." *TVB Holdings (USA), Inc. v. eNom, Inc.*, No. CV 13-00624 JLS, 2014 WL 3717889, at *3 (C.D. Cal. July 23, 2014). As discussed above, Omni has established that it is entitled to the guaranty amount of $1,375,000, and reasonable attorneys' fees and costs, under the express terms of the guaranty agreements. Thus, although Omni is seeking a significant award, this factor does not weigh against default judgment.

The fifth factor, the possibility of a dispute regarding material facts, and the sixth factor, whether the default was due to excusable neglect, also weigh in favor of default judgment. Defendants Forte and Precise Construction have made no effort to dispute the facts alleged in the complaint despite executing waivers of service of process. Omni also mailed a copy of the present motion to Defendants Forte and Precise Construction despite the fact that no notice of the motion

was required. *See* Proof of Service, ECF 36; Fed. R. Civ. P. 55(b)(2) (requiring notice of motion for default judgment only when the party against whom default judgment is sought has appeared in the case).

The seventh and final factor, the strong public policy favoring decisions on the merits, does not preclude default judgment when the other *Eitel* factors favor it. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, the failure of Defendants Forte and Precise Construction to failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

### C. Damages, Attorneys' Fees, and Costs

Omni's claim for contractual damages in the amount of $1,375,000 is supported by the guaranty agreements executed by Forte and Precise Construction and attached to the complaint. *See* Compl. Exhs. G, H. The guaranty agreements also provide for an award of reasonable attorneys' fees and costs incurred in litigating an action arising out of the agreements. *See id.* California Civil Code § 1717 provides that: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Omni has submitted documentation that it has incurred attorneys' fees in the amount of $61,116.75 and costs in the amount of $1,288.90 in litigating this case from December 2018 through the present. *See* Backowski Decl. ¶¶ 7-14 & Exh. A. However, the guaranty agreements provide for recovery of attorneys' fees and costs arising or relating to proceedings related to the *agreements*. *See* Compl. Exhs. G, H. Omni has not provided the Court with any authority for the proposition that it may recover from Forte and Precise Construction those fees and costs incurred in litigating claims unrelated to the guaranty agreements – for example, fraud claims against Global and Jerez. Accordingly, while the Court finds it appropriate to award reasonable attorneys' fees and costs to Omni under the guaranty agreements, the Court has not been provided with the documentation necessary to determine the amount of such reasonable attorneys' fees and costs.

The Court therefore will grant Omni's motion and enter default judgment against Forte and Precise Construction, jointly and severally, in the amount of "$1,375,000 plus reasonable attorneys' fees and costs subject to proof." Omni is directed to submit a supplemental brief, not to exceed two pages, specifying the amount of reasonable attorneys' fees and costs recoverable in connection with Claims 8 and 9. Omni's supplemental brief shall be accompanied by a chart, as required by this Court's Standing Order Re Civil Cases (available on the Court's website), breaking down the requested attorneys' fees by task and biller. Omni also shall submit a proposed amended judgment incorporating the recoverable amount of attorneys' fees and costs attributable to Claims 8 and 9.

**IV. ORDER**

(1) Plaintiff Omni's motion for default judgment is GRANTED;

(2) Consistent with this order, Plaintiff Omni shall submit a supplemental brief, attorneys' fees chart, and proposed amended judgment, on or before November 15, 2019;

(3) The hearing on the motion for default judgment scheduled for November 7, 2019 is VACATED;

(4) The Initial Case Management Conference scheduled for November 7, 2019 is VACATED; and

(5) Plaintiff Omni's motions for telephonic appearance at the motion hearing and the Initial Case Management Conference are TERMINATED AS MOOT.

Dated: October 31, 2019

_____
BETH LABSON FREEMAN
United States District Judge