**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| OMNI FINANCIAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL PETROLEUM, LLC, a Minnesota limited liability company; SUZETTE JEREZ, aka SUZETTE JEREZ-NEAL; EDWARD FORTE, Individually and as Trustee of the Forte Family Trust; and PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC., an Illinois corporation doing business as PRECISE CONSTRUCTION,<br><br>Defendants. | Case No. 19-cv-00031-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF AMENDED DEFAULT JUDGMENT AGAINST DEFENDANTS EDWARD FORTE AND PRECISE CONSTRUCTION & DISMANTLEMENT SYSTEMS, INC., AS MODIFIED BY THE COURT**<br><br>[Re: ECF 46] |

On October 31, 2019, the Court issued an order granting default judgment in favor of Plaintiff Omni Financial, LLC ("Omni") and against Defendants Edward Forte ("Forte") and Precise Construction & Dismantlement Systems, Inc. ("Precise Construction"). *See* Order Granting Motion for Default Judgment, ECF 44. The Court entered a Default Judgment against Forte and Precise Construction in the amount of "$1,375,000 plus reasonable attorneys' fees and costs subject to proof," and it directed Omni to submit a supplemental brief regarding attorneys' fees and costs along with a proposed amended default judgment. *See* Order Granting Motion for Default Judgment, ECF 44; Default Judgment, ECF 45. Omni submitted a supplemental brief and a proposed amended judgment on November 13, 2019. *See* Supplemental Brief, ECF 46; Proposed Amended Judgment, ECF 46-1.

Omni's supplemental brief and attached billing records establish that reasonable attorneys' fees in the amount of $15,872.50, and reasonable costs in the amount of $825.24, were expended in litigating Omni's claims against Forte and Precise Construction. The Court AWARDS

attorneys' fees in the amount of $15,872.50 and costs in the amount of $825.24, for a total award of attorneys' fees and costs in the amount of $16,697.74 against Defendants Forte and Precise Construction. The Court will enter an amended default judgment reflecting that award concurrently with this order.

Omni's proposed amended judgment provides for post-judgment interest "at the statutory rate of 10.0% per annum." *See* Proposed Amended Judgment, ECF 46-1. Presumably, the referenced "statutory rate" is the California statutory rate of "10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Cal. Civ. P. Code § 685.010(a). However, post-judgment interest in this case is governed by 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding [ ] the date of the judgment." 28 U.S.C. § 1961(a).

"An exception to § 1961 exists when the parties contractually agree to waive its application." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004). Thus, where the parties execute an agreement containing "an express, mutually-agreed upon interest rate," such rate may be awarded in lieu of the rate specified in § 1961. *See id.* A general choice-of-law clause in an agreement is not sufficient to displace § 1961, however. *See id.* In the present case, Omni has not directed the Court to any language in the guaranty contracts at issue that could be construed as waiving application of § 1961, and the Court has found no such language in reviewing those guaranty contracts. Accordingly, the Court AWARDS post-judgment interest at the federal statutory rate set forth in 28 U.S.C. § 1961(a). The Court will include that award of post-judgment interest in the amended default judgment entered concurrently with this order.

Dated: November 14, 2019

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge